01
02
03
04
05

06          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
07                    AT SEATTLE

08 NIKOLAY SLOBODA,                  )    CASE NO. C08-0408-RAJ
                                     )
09      Petitioner,                  )
                                     )
10      v.                           )    REPORT AND RECOMMENDATION
                                     )
11 STATE OF WASHINGTON,              )
                                     )
12      Respondent.                  )
   _____ )
13

14      Petitioner is a currently incarcerated in the Washington State Penitentiary in Walla Walla,

15 Washington. He has submitted a *pro se* petition for a writ habeas corpus pursuant to 28 U.S.C.

16 § 2254 and has been granted leave to proceed *in forma pauperis*. According to the petition,

17 petitioner was convicted October 2007 of second-degree murder and was sentenced to 244

18 months in prison. (Petition at 1). Petitioner lists no state-court appeals in his petition and states

19 that the instant habeas petition is his "first time using the appealing process . . ." (*Id*. at 5).

20      A district court is charged with reviewing a habeas petition prior to directing that it be

21 served on respondent. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States

22 District Courts. "If it plainly appears from the petition and any attached exhibits that the petitioner

REPORT AND RECOMMENDATION
PAGE -1

is not entitled to relief in the district court, the judge must dismiss the petition . . . ." *Id.* In reviewing the instant habeas petition prior to directing that it be served on respondent, the Court has determined, for the reason set forth below, that petitioner is not entitled to relief.

In order to present a claim to a federal court for review in a habeas corpus petition, a petitioner must first have presented that claim to the state court. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir.) (citations omitted), *cert. denied*, 525 U.S. 920 (1998). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

Because the petition clearly states that petitioner has not used the state court system at all to appeal his conviction and sentence, the claims that he seeks to present via the instant habeas petition are unexhausted. Consequently, it plainly appears from the petition that the petitioner is not entitled to relief and the habeas petition should be dismissed. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A proposed Order reflecting this recommendation is attached.

DATED this 20th day of March, 2008.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2